UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NANCY ROMERO

CIVIL ACTION

VERSUS

NO. 12-174-BAJ-SCR

COMMUNITY COFFEE COMPANY, LLC.

**RULING AND ORDER**

This matter is before the Court on a Motion to Dismiss (doc. 14). No further briefing is required.

The Court has carefully reviewed this matter and finds that the motion should be granted for the reasons advanced in Defendant, Community Coffee Company, LLC's ("Defendant") supporting memorandum. The Court concludes that Plaintiff, Nancy Romero ("Plaintiff") fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court further finds that Plaintiff's pleadings lack sufficient specificity in accordance with Rule 8 requirements. The Court concludes this for several reasons.

First, the Court notes that Defendant's reliance on 35 U.S.C. § 262 and the holding in *Tavoy*[1] is well founded. Section 262 states that "in the absence of any agreement to the contrary, each of the joint owners of a patent may make, use,

---

[1] *Tavory v. NTP, Inc.*, 297 Fed. Appx. 976, 982-83 (Fed. Cir. 2008). Defendant argues, and the Court agrees, that the *Tavory* court's § 262 analysis that the plaintiff's (Tavory) co-inventorship claim was preempted by Federal law was a part of its holding and not dicta.

1

offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners." 35 U.S.C. § 262.

Here, Plaintiff does not contest Defendant's ownership of the subject patent and her complaint states that Johnie Romero and other inventors assigned their entire ownership rights to Defendant (Compl. ¶ 7). Plaintiff principally asserts that she is entitled to damages because Defendant has realized profit from said invention, and has done so without her express consent. As Defendant is at least co-owner of the subject patents and has a statutory right to practice and license a patented invention without consent from any other owner, Plaintiff fails to state a claim to relief that is plausible on its face.[2]

Second, Defendant asserts, and the Court agrees, that Plaintiff fails to provide important information regarding Defendant's alleged infringement. Specifically, Plaintiff fails to allege in its Complaint: 1) the specific invention that Plaintiff partially owns; 2) any specific devices that Defendant used, sold, or provided to a third party; 3) the specific type of infringement, either direct or indirect, on the part of Defendant; and 4) when or where any allegedly infringing acts occurred. As such, the Court finds that Plaintiff's pleadings lack sufficient specificity in accordance with Rule 8 requirements.

---

[2] The Court disregards Plaintiff's argument that Defendant may have engaged in infringement activities in a foreign jurisdiction. Plaintiff has not alleged any facts in the Complaint to support this claim and it is a general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country. *See, e.g. Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 454-455 (2007).

Accordingly, Defendant's Motion to Dismiss (doc. 14) is hereby

**GRANTED**. The case is dismissed with prejudice.

Baton Rouge, Louisiana, January 24, 2013.

_____
BRIAN A. JACKSON CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

3